[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15568
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20468-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VILMA ALONSO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 18, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Vilma Maria Alonso appeals her 24-month sentence for conspiracy to defraud the United States and to receive health care kickbacks in violation of 18 U.S.C. § 371.  She contends her sentence was substantively unreasonable.  After review,[1] we affirm.

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.  *Id.* § 3553(a)(1).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  A court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  Moreover, a district court's unjustified reliance on any one

---

[1]  We review the reasonableness of a sentence under the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The party who challenges the sentence bears the burden to show the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

§ 3553(a) factor may be indicative of a substantively unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

Alonso's sentence is substantively reasonable.  The district court did not fail to consider any relevant factors that were due significant weight, give an improper or irrelevant factor significant weight, or commit a clear error of judgment.  The court heard Alonso's arguments about her relatively minor role in the offense, her lack of criminal history, and her sufferings with physical and mental health.  The court agreed with the Government there was nothing in particular about Alonso's circumstances justifying a sentence of home confinement, and a sentence of home confinement or supervised release would not sufficiently reflect the seriousness of the offense under § 3553(a).  The need for the sentence to reflect the seriousness of the offense was not an irrelevant or inappropriate factor since it is a sentencing factor accounted for in 18 U.S.C. § 3553(a)(2)(A).  Additionally, Alonso's sentence is at the bottom of the Guidelines range of 24-30 months and well below the statutory maximum of 60 months.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (stating that a sentence imposed well below the statutory maximum is an indication of its reasonableness); *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining although we do not presume that a sentence falling within the Guidelines range is reasonable, we ordinarily expect

3

such a sentence to be reasonable).  Accordingly, we conclude the district court did not abuse its discretion in sentencing Alonso to 24 months.

**AFFIRMED.**